# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS GOODWIN and LIDIA GOODWIN,**

      **Plaintiffs,**

v.                         Case No:   6:19-cv-1712-Orl-37LRH

**ADVENTIST HEALTH SYSTEM/SUNBELT, JENNIFER MAHONEY, LAURA CARR, AMY HEFNER, JOHN DAVID HEFNER, LAURA SCULLY, DAVID SCULLY, MELISSA MEGARGEE, JASON MEGARGEE, MARGARET WHITE and SARAH SIAS,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFFS' AMENDED MOTION FOR REMAND TO STATE COURT (Doc. No. 33)**
>
> **FILED:**     **September 13, 2019**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    BACKGROUND.

On July 9, 2019, Plaintiffs Thomas Goodwin and Lydia Goodwin, appearing *pro se*, filed a complaint against the above-named Defendants in the Circuit Court of the Ninth Judicial Circuit, in

and for Orange County, Florida. Doc. No. 1-3. Plaintiffs' claims appear to stem from the alleged wrongful termination of Mr. Goodwin from his employment with AdventHealth. *Id.* In the complaint, Plaintiffs allege claims for wrongful discharge, intentional infliction of emotional distress, harassment, defamation, discrimination, and breach of fiduciary duty. *Id.* Embedded within the claim for harassment, Plaintiffs state in one sentence that Defendants "knew or should have known that harassment is a form of discrimination that violates Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), the Americans with Disabilities Act of 1990 (ADA), and the Florida Civil Rights Act (FCRA)." *Id.* at 12. Nowhere else in the complaint do Plaintiffs reference federal law.

On August 30, 2019, Defendant Adventist Health Systems/Sunbelt, with the consent of the remaining Defendants, removed the matter to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446, asserting that the Court has federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims. Doc. No. 1; *see* Doc. No. 1-2.

On September 13, 2019, Plaintiffs filed a motion to remand the matter to state court. Doc. No. 33.[1] In the motion, Plaintiffs argue that they do not assert any federal claims in the complaint. *Id.* at 4, 9. Several of the Defendants oppose the motion. Doc. Nos. 45, 47.

On September 18, 2019, Plaintiffs filed an amended complaint. Doc. No. 38. In the amended complaint, Plaintiffs allege claims for wrongful discharge; intentional infliction of emotional distress; harassment; defamation; discrimination; and breach of fiduciary duty. *Id.* No federal statutes are cited in the amended complaint. *Id.*[2] Defendant John David Hefner has filed

---

[1] On September 5, 2019, Plaintiffs filed a prior motion to remand, but that motion was denied without prejudice for failure to comply with Local Rule 3.01(g). Doc. Nos. 3, 11.

[2] In response to pending motions to dismiss, Plaintiffs state that by amending the complaint, they were "correcting an error" by removing reference to the federal statutes. Doc. No. 53, at 2 ¶ 4; Doc. No. 54, at 2–3 ¶ 4. They also state that they do not purport to allege violations of Title VII, the ADEA, or the ADA

an answer to the amended complaint, and the remaining Defendants have filed motions to dismiss, which remain pending before the Court.   Doc. Nos. 48, 50.[3]

Plaintiffs' motion to remand was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II.   APPLICABLE LAW.

Removal jurisdiction exists only where the district court would have original jurisdiction over the action.   28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co., Inc*., 200 F.3d 753, 755 (11th Cir. 2000).   A party seeking to invoke a federal court's jurisdiction over a case must first show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question.   *See* 28 U.S.C. §§ 1331, 1332.   In considering whether it possesses federal question jurisdiction over a removed case, a district court is guided by the "well-pleaded complaint" rule, which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination.   *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908).

In cases removed from state court, the district court generally looks at the case at the time of removal, rather than subsequent events, to determine whether it has subject matter jurisdiction.   *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal.").   However, a district court has discretion to remand a removed case back to state court when the federal claims upon which the case was removed no longer exist and the court declines to exercise supplemental jurisdiction over the

---

in the amended complaint.   Doc. No. 54, at 3 ¶ 6.   They further state that they do not allege any additional claims not raised in the amended complaint.   *Id.* at 9 ¶ 14.

[3] Defendant John David Hefner has also filed a motion to join the motion to dismiss filed by Laura Scully, David Scully, Melissa Megargee, Jason Megargee, and Sarah Sias.   Doc. No. 55.   That motion remains pending.

remaining state law causes of action. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351–52 (1988).

**III. ANALYSIS.**

Plaintiffs argue that the complaint in this case asserts no federal claims for either of them.[4] Doc. No. 33, at 4. Plaintiffs appear to argue that they intended to rely solely on state law in the complaint. *Id.* Accordingly, Plaintiffs assert that the Court lacks subject matter jurisdiction in this case. *Id.* at 5, 9. Notably, because the motion to remand was filed before Plaintiffs filed an amended complaint, the motion to remand does not address the effect, if any, the filing of the amended complaint has on this Court's jurisdiction.

Defendants Adventist Health Systems/Sunbelt d/b/a AdventHealth, Jennifer Mahoney, Laura Carr, Amy Hefner, and Margaret White (collectively, the "AdventHealth Defendants") oppose the motion. Doc. No. 47. The AdventHealth Defendants argue that questions of federal law existed on the face of Plaintiffs' complaint at the time of removal, and thus removal was proper. *Id.* at 3–4. They further argue that even though Plaintiffs subsequently filed an amended complaint, post-removal amendments do not deprive the Court of subject matter jurisdiction. *Id.* at 4–5. Finally, the AdventHealth Defendants contend that questions of federal law still appear on the face of the amended complaint because claims for wrongful discharge, harassment, and discrimination "are often brought by plaintiffs under federal statutes," and because Plaintiffs cite no statutes in the amended complaint, Defendants may "reasonably conclude Plaintiffs still bring these claims under the ADEA, Title VII, and the ADA." *Id.* at 5.[5]

---

[4] Plaintiffs point out that one of them (Lidia Goodwin) has never been an employee of Adventist Health Systems/Sunbelt, and therefore cannot even assert an employment discrimination claim. Doc. No. 33, at 4.

[5] The AdventHealth Defendants cite no authority to support this argument.

Defendant John David Hefner also opposes the motion to remand. Doc. No. 45. Mr. Hefner argues that federal question jurisdiction exists because some of the claims in the complaint arise under federal law, and the Court has supplemental jurisdiction over the state law claims. *Id.* at 1. Mr. Hefner further "appeal[s] to this Court's sense of judicial economy and the great expense and complexity that would arise if parts of the case were remanded . . . ." *Id.* at 2.

"[A] defendant may not remove a case [based on federal question jurisdiction] to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). The well-pleaded complaint rule stands for the proposition that "the party who brings the suit is master to decide what law he will rely upon." *Id.* at 22 (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). "[F]ederal question jurisdiction only exists when: (1) a federal claim is presented on the face of plaintiff's well-pleaded complaint, (2) plaintiff's state law claims turn on a substantial question of federal law, or (3) plaintiff's state law claims are completely preempted by federal law." *MSPA Claims 1, LLC v. Direct Gen. Ins. Co.*, No. 16-20901-CIV, 2016 WL 3751482, at *2 (S.D. Fla. July 14, 2016) (citing *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)). "[F]ederal question jurisdiction should be narrowly construed." *Madzimoyo v. Bank of N.Y. Mellon Tr. Co.*, 440 F. App'x 728, 730 (11th Cir. 2011).[6] "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[U]ncertainties are resolved in favor of remand.").

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

In Plaintiffs' "harassment" claim as set forth in their original complaint, Plaintiffs state that Defendants knew or should have known that such harassment is a form of discrimination that violates Title VII, the ADEA, and the ADA. Doc. No. 1-3, at 12. The reference to these federal statutes is only one sentence embedded within the claim for "harassment," and no federal statutes are cited throughout the remainder of the initial complaint. The undersigned questions whether merely referencing these federal statutes as it relates to only one of Plaintiffs' numerous claims is sufficient to confer federal question jurisdiction on this Court, particularly where Plaintiffs now disclaim any federal causes of action. *See Caldwell v. Klinker*, No. 8:14-CV-2708-T-33, 2014 WL 7337430, at *3 (M.D. Fla. Dec. 23, 2014) ("[A] mere reference to federal law is not enough to establish federal question jurisdiction. A case 'arises under' federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim." (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1991))); *McGovern v. CBT Direct, LLC*, No. 8:07-CV-1245-T-30TBM, 2007 WL 3407392, at *2 (M.D. Fla. Nov. 13, 2007) ("The inquiry does not focus on the number of references to federal law, but on the centrality of federal law to the resolution of the case or the special importance of the federal issue."). Because Plaintiffs are proceeding *pro se*, however, and the Court must construe the complaint liberally, the undersigned has presumed for issuance of this Report and Recommendation that the initial complaint's citation to the federal causes of action as it relates to Plaintiffs' harassment claim could be sufficient. *See, e.g.*, *Bennick v. Boeing Co.*, 504 F. App'x 796, 798 (11th Cir. 2012).

Regardless, even assuming that the case was removable based on the initial complaint, Plaintiffs have filed an amended complaint which eliminates any reference to the federal statutes identified in the initial complaint. Doc. No. 38. Accordingly, the Court must determine whether

it continues to have original jurisdiction over this case and, if not, whether it should continue to exercise supplemental jurisdiction over the state law claims.

The Advent Health Defendants' argument that questions of federal law still appear on the face of the amended complaint because claims for wrongful discharge, harassment, and discrimination "are often brought by plaintiffs under federal statutes," and absent statutory citation Defendants may still "reasonably conclude Plaintiffs still bring these claims under the ADEA, Title VII, and the ADA," (Doc. No. 47, at 5) is unpersuasive. When a complaint is devoid of citation to a single constitutional provision, federal statute, or recognized theory under federal law, the "barren" allegations are insufficient to establish jurisdiction under § 1331. *See Miccosukee Tribe of Indians v. Kraus–Anderson Constr. Co.*, 607 F.3d 1268, 1276 (11th Cir. 2010); *see also Pan Am. Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663 (1961) (citation omitted) (finding it "immaterial . . . that the plaintiff could have elected to proceed on a federal ground. . . . If the plaintiff decides not to invoke a federal right, his claim belongs in a state court."). As discussed above, in the amended complaint, Plaintiffs allege claims for wrongful discharge; intentional infliction of emotional distress; harassment; defamation; discrimination; and breach of fiduciary duty. Doc. No. 38. Four of these claims on their face are clearly raised under state law, and no federal statutes are cited anywhere in the amended complaint. *Id*.

Because Plaintiffs' amended complaint does not present a federal question on its face, I recommend that the Court find that the removal of the reference to any federal claims in the amended complaint deprives the Court of federal question jurisdiction in this case. Moreover, there is nothing in the record to establish that the Court has diversity jurisdiction in this matter; nor did Defendant Adventist Health Systems/Sunbelt argue otherwise in the notice of removal. *See* Doc. No. 1.

This does not end the Court's analysis, however. The responding Defendants correctly argue that if the Court had subject matter jurisdiction over this case at the time of removal, "Plaintiffs' subsequent amendment to the complaint eliminating their federal claims did not divest the Court of its subject matter jurisdiction over Plaintiffs' state claims and, thus, remand is not mandatory." *See Groveland Estates, LLC v. BFSPE, LLC*, No. 5:08-cv-464-Oc-10GRJ, 2009 WL 10670431, at *1 (M.D. Fla. Jan. 14, 2009); *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243–44 n.2 (11th Cir. 2007) (noting that in cases removed to federal court, "[l]ater changes to the pleadings do not impact the court's exercise of supplemental jurisdiction."). Instead, the Court has discretion to retain or decline to exercise supplemental jurisdiction over the state law claims. *See Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) ("The court had discretion to retain jurisdiction over the state law claims even after [the plaintiff] amended the complaint to remove any federal cause of action.").

In making this determination, the Court "should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon*, 484 U.S. at 350. When the balance of these factors indicates that the case should be remanded, "as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," the Court should decline to exercise supplemental jurisdiction. *Id.* The Court, however, should consider forum manipulation concerns in this analysis, although such concerns do not "necessitate a blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary." *Id.* at 356 n.12.

The undersigned has considered each of the *Carnegie-Mellon* factors. First, the case has been pending before this Court for only a short period of time, since the case was removed from state court on August 30, 2019. Doc. No. 1. Moreover, the Court has not ruled on any substantive

motions in this case. Therefore, declining to exercise supplemental jurisdiction supports judicial economy. *See Lake Cty. V. NRG/Recovery Grp., Inc*., 144 F. Supp. 2d 1316, 132 (M.D. Fla. 2001) (remanding where the court had not expended a significant amount of judicial labor). Second, Plaintiffs' amended complaint does not cite any federal causes of action against Defendants, demonstrating that the concerns of comity weigh in favor of declining to exercise supplemental jurisdiction. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."). Third, this case originated in state court, and there is no evidence or argument by Defendants to suggest that the parties will be inconvenienced by litigating the case in state court. Fourth, on the record before this Court, there is nothing to suggest that declining to exercise supplemental jurisdiction over the state law claims would be unfair to any party. Indeed, not all of the Defendants even filed opposition briefs to the motion to remand, and no Defendant who filed an opposition brief raises the issues of fairness or convenience. *See* Doc. Nos. 45, 47. In sum, all of the *Carnegie-Mellon* factors weigh in favor of the Court declining to exercise supplemental jurisdiction in this case.

For these reasons, and because Plaintiffs have eliminated any reference to federal claims at this early stage of the litigation by amending the complaint, the Court has "a powerful reason to choose not to continue to exercise jurisdiction." *See Carnegie-Mellon*, 484 U.S. at 351; *see also Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1088–89 (11th Cir. 2004) (citations omitted) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Accordingly, the undersigned respectfully recommends that the matter be remanded to state court. Should Plaintiffs

later amend the complaint to include a federal cause of action, Defendants may seek removal of the case at that time.

## IV. RECOMMENDATION.

For the reasons discussed herein, it is **RESPECTFULLY RECOMMENDED** that the Court **GRANT** Plaintiffs' Amended Motion for Remand to State Court (Doc. No. 33); **REMAND** this case to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida; **DENY** any other pending motions as moot; and **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 14, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy