UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS GOODWIN; and LIDIA
GOODWIN,

    Plaintiffs,

v.                                    Case No. 6:19-cv-1712-Orl-37LRH

ADVENTIST HEALTH
SYSTEM/SUNBELT; JENNIFER
MAHONEY; LAURA CARR; AMY
HEFNER; JOHN DAVID HEFNER;
LAURA SCULLY; DAVID SCULLY;
MELISSA MEGARGEE; JASON
MEGARGEE; MARGARET WHITE; and
SARAH SIAS,

    Defendants.

## ORDER

Plaintiffs sued Defendants in state court, alleging a host of claims including wrongful discharge, intentional infliction of emotional distress, harassment, defamation, discrimination, and breach of fiduciary duty. (Doc. 1-1, p. 5 ("**Complaint**").) Defendants then removed the suit to federal court, arguing removal was proper because Plaintiffs, as part of the "harassment" count, alleged violations of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. (Doc. 1, ¶ 5; Doc. 1-1, p. 22, ¶ 4.) In response, Plaintiffs filed a motion to remand to state court, arguing they did not assert federal claims (Doc. 33 ("**Motion**")), and amended their

-1-

Complaint, removing all reference to any federal statute (Doc. 38 ("**Amended Complaint**")). Defendants John David Hefner, Adventist Health System/Sunbelt, Laura Carr, Amy Hefner, Jennifer Mahoney, and Margaret White responded to the Motion, claiming that despite the Amended Complaint, the Court should still exercise jurisdiction because questions of federal law existed at the time of removal and questions of federal law remain. (Docs. 45, 47.) The Motion was referred to United States Magistrate Judge Leslie R. Hoffman, who issued a Report and Recommendation. (Doc. 60 ("**R&R**").)

U.S. Magistrate Judge Hoffman recommended remanding the case to state court. (*See id.*) She pointed out the sole reference to any federal statute was imbedded in a claim for harassment, questioning whether merely referencing these federal statutes as it relates to only one of Plaintiffs' numerous claims is sufficient to confer federal question jurisdiction. (Doc. 60, p. 6 (citing cases).) U.S. Magistrate Judge Hoffman also found that even if such a reference was sufficient, the Amended Complaint no longer presented a federal question on its face, and thus she recommended the Court exercise its discretion to decline to exercise supplemental jurisdiction over the state law claims, especially since this case was at an early stage of litigation. (*Id.* at 8–9.)

No party objected to the R&R, and the time for doing so has now passed. Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no such error, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 60) is **ADOPTED, CONFIRMED,** and made a part of this Order.

2. Plaintiffs' Amended Motion for Remand to State Court (Doc. 33) is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

4. The Clerk is **DIRECTED** to terminate all pending motions and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 6, 2019.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro se* party
The Circuit Court for the Ninth Judicial Circuit in and

for Orange County, Florida